## LEWIS C. HOWLETT vs. INHABITANTS OF HOLLAND.

In an action against a town on an account annexed " for the care and board of J. S. from April 8th 1852 to April 8th 1853 at fifty cents per week according to contract with said town," a tender of an amount equal to the stipulated rate for part of the time does not prevent the defendants from proving that the plaintiff did not board J. S. for the residue.

A vote of a town, duly recorded, showing the terms on which the lowest bidder took charge of a town pauper for a year, cannot be explained by similar votes of the town in previous years, nor by evidence of terms stated by the moderator of the meeting when asking for bids.

ACTION OF CONTRACT upon this account annexed :

" Holland, September 8th 1853.   The town of Holland Dr. to Lewis C. Howlett for the care and board of Ezekiel Hines from April 8th 1852 to April 8th 1853 at fifty cents per week according to contract with said town.                    $26."

The defendants, in their answer, denied that they owed the plaintiff any thing; averred that Hines being a town pauper, liable to be supported by them, the duty of supporting him was put up at public auction by the proper authorities to be struck off to the lowest bidder, and was bid off by the plaintiff at fifty cents per week, and he lived with the plaintiff from the 8th of April 1852 to the 5th of July 1852, and no longer; and also relied on a tender of $12 and costs.

At the trial in the court of common pleas, before *Mellen,* C. J., the plaintiff, before opening the case to the jury, moved to strike out of the answer the general denial, and the statement limiting the time during which Hines lived with the plaintiff.   But the court overruled the motion.

The plaintiff conceded that the tender was of a sum equal to fifty cents a week from the 8th of April to the 5th of July 1852, with costs to the time of the tender; but requested the court to rule that the tender was an admission that the pauper was boarded and cared for by the plaintiff from the 8th of April 1852 to the 8th of April 1853 under a contract with the defend- ants to pay therefor the sum of fifty cents per week.   But the court refused so to rule.

The plaintiff introduced the records of the town of Holland for the year 1852, containing the record of a meeting on the 8th of April 1852, which showed, under an article in the warrant, ' to see what method the town will adopt for the support of the poor the ensuing year," a vote to sell the charge of each pauper to the lowest bidder; " the purchaser to furnish every thing necessary, both in sickness and in health, except doctor's bill and funeral charges, which are under the direction of the overseers;" and a sale of the charge of Hines to the plaintiff " at fifty cents per week."

The plaintiff offered to prove, by the records of the town, pre-cisely similar acts of the town in 1850 and 1851; and by the moderator of the meeting in April 1852, that, at the time of sell-ing the charge of Hines, " he stated the terms to be that the purchaser should support the pauper for a year, and free the town from all expenses on his account, except those mentioned in the vote;" and also offered evidence tending to show the pauper's ability to labor, and that his personal habits and conduct were such as to render him a troublesome, offensive and expensive boarder. But all this evidence was objected to by the defend-ants, and rejected by the court.

The jury returned a verdict for the defendants, and the plain-tiff alleged exceptions.

*N. T. Leonard*, for the plaintiff.

*F. Chamberlin & C. A. Winchester*, for the defendants.

BIGELOW, J.* 1. The ruling of the court as to the effect of the tender was in conformity with the principles laid down in *Hubbard* v. *Knous*, 7 Cush. 557. The declaration was not upon a special contract, to the proof of which the plaintiff would be held strictly at the trial; but it was in the nature of *indebitatus assumpsit* on the account annexed; under which the plaintiff might prove any sum to be due from the defendants for the board of the pauper, less than the amount charged for any

---

* The remainder of the cases for this term (except where otherwise stated) were argued at Boston in January 1857 before Justices Dewey, Metcalf, Bige-low and Thomas.

fraction of a year.   But if this were not so, and the account annexed could be taken to be so far a part of the declaration as to require strict proof of the facts therein stated, in order to maintain the action, the effect of the tender would not be to preclude the ground of defence now relied on.   The account does not state with sufficient certainty that there was any contract to pay for the board of the pauper for an entire year, whether he should be actually boarded for the whole year, or not.   The rate per week was fixed by the contract, and was not in dispute between the parties.   To that extent, the defendants admitted the plaintiff's claim.   The contention was only as to the liability of the defendants beyond the time that the pauper actually resided in the plaintiff's family.

2.  The only evidence of the contract between the parties was the vote of the town, duly recorded, passed at the meeting held on the 8th of April 1852, pursuant to an appropriate article in the warrant.   It was under this vote that the plaintiff received the pauper into his care and service.   The agreement being in writing, and unambiguous in its terms, no parol evidence or proof of usage was competent to explain or vary its meaning, or to control its construction or legal effect.   The evidence offered by the plaintiff was rightly rejected.

*Exceptions overruled.*